IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES PICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-311-GMS |
| ) | |
| CITIMORTGAGE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. INTRODUCTION

On April 28, 2016, the plaintiff Charles Pickens ("Pickens") filed a complaint (the "Complaint") against CitiMortgage, Inc. ("CitiMortgage"), Aaron S. Applebaum ("Applebaum"), and McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC") (collectively, the "Defendants"). The action arises from CitiMortgage's in rem scire facias sur mortgage foreclosure complaint initiated against Pickens on February 8, 2013. (D.I. 6-3.) Pickens alleges a violation of his Sixth Amendment right and various other causes of action including racketeering, computer hacking, fraud, violations of privacy and internet laws, and crimes against the disabled. (D.I. 1 at 3, 6.)

On May 23, 2016, the Defendants filed a Motion to Dismiss the Complaint. (D.I. 4.) On June 2, 2016, Pickens filed an amended complaint (the "Amended Complaint") adding allegations of forgery, fraud, perjury, obstruction of justice, false swearing, breach of fiduciary duty, and other violations of federal and Georgia statutes. (D.I. 9.) Presently before the court is the Defendants' Motion to Dismiss the Amended Complaint. (D.I. 12.) For the reasons that follow, the court will grant the Defendants' motion to dismiss.

### II. BACKGROUND

On April 13, 2005, Yvette Pickens, Pickens' former wife, obtained a loan in the amount of $184,500.00 from Wilmington Finance, a division of AIG Federal Savings Bank, which was memorialized by a promissory note. (D.I. 6-1). The loan was secured by a mortgage that was executed and signed by both Pickens and his former wife, and was thereafter assigned to CitiFinancial Mortgage Company, Inc., predecessor in interest to CitiMortgage. (D.I. 6-2). On February 8, 2013, CitiMortgage filed an in rem scire facias sur mortgage foreclosure complaint in the Superior Court claiming that Picken's wife, Yvette Pickens, defaulted on her note by failing to make monthly payments after April 1, 2011. (D.I. 6-3.) On July 9, 2015, the Superior Court granted summary judgment in favor of CitiMortgage. (D.I. 6-10.) Pickens appealed the Superior Court's order to the Delaware Supreme Court and the Delaware Supreme Court affirmed. (D.I. 6-15.) On April 28, 2016, Pickens filed the instant action. (D.I. 1.)

### III. STANDARD OF REVIEW

When jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the party asserting subject matter jurisdiction has the burden of proving its existence. *Carpet Group Int'l. v. Oriental Rug Importers Ass'n., Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially, that is, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional facts. Fed. R. Civ. P. 12(b)(1); 2 James Wm. Moore et al., Moore's Federal Practice § 12.30[4] (3d ed. 1997). Where there is a facial attack on jurisdiction, the court must accept as true the allegations contained in the complaint. Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991) (quoting *Bell v. Hood,* 327 U.S. 678, 682 (1946)). Where there is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence

2

of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977.)

The Federal Rules of Civil Procedure require that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). A defendant may move to dismiss a complaint if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While the complaint need not include "detailed factual allegations," it must at least contain "sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). To be facially plausible a claim must be supported by "well-pleaded facts that permit the court to infer more than a mere possibility of misconduct." *Id.* at 679.

## IV.  DISCUSSION

The Defendants argue that Pickens' Complaint should be dismissed because under the *Rooker-Feldman* doctrine, a United States district court cannot review the decisions of a state's highest court. (D.I. 5 at 8.)[1] According to the Defendants, Dickens has failed to state a claim for which relief can be granted by this court. The Defendants urge that this is simply a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

---

[1] Defendants also contend that (i) the court lacks federal question jurisdiction under the Sixth and Fourth Amendment; (ii) the Complaint fails to comply with minimal pleadings standards; and (iii) the claims related to the in rem action are barred by the doctrines of res judicata and collateral estoppel. (D.I. 5 at 1–2; D.I. 13 at 3, 6.) Because the court concludes that under the *Rooker-Feldman* doctrine it may not review this case, the court need not address the Defendants' other arguments.

of those judgments." (D.I. 5 at 8) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (quotation marks omitted).

Pickens first responded by copying a summary of exceptions to the *Rooker-Feldman* doctrine as stated in an article in the 2011 Federal Courts Law Review. (D.I. 8 at 5.) *See* Steven N. Baker, *The Fraud Exception to the Rooker-Feldman Doctrine: How It Almost Wasn't (and Probably Shouldn't Be)*, 5 Fed. Ct. L. Rev. 140, 141 (2011.) Subsequently, Pickens filed an amended complaint in which he argues that an exception to the *Rooker-Feldman* should apply, because the judgment in the state court was based upon fraud. (D.I. 9 at 1.)[2] Pickens does not allege specific facts to support his claims of fraud; he merely asserts generally that there were "fraudulent documents in addition to perjury, verbal deception and trickery" as well as dishonesty. (*Id.*)[3]

Title 28 of the United States Code § 1257(a) provides that "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court . . . ." 28 U.S.C. §1257(a) (2012). Interpreting this statute, federal courts have applied the so-called *Rooker-Feldman* Doctrine to limit review of state court decisions to the Supreme Court through its appellate jurisdiction. "[F]ederal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings." *Coppedge v. Beaumont*, No. CIV.A.10-394-GMS, 2010 WL 2382944, at *3 (D. Del. June 11, 2010). Thus, unless a separate federal question is raised, all federal courts but the

---

[2] Pickens also disputes the withdrawal of Mr. Aaron S. Applebaum, who previously served as counsel to the Defendants. (D.I. 8 at 1; D.I. 11; D.I. 16.) The court will not address these arguments, which in any event are inapposite.

[3] As Defendants point out, Pickens' allegation that the state-court judgment was procured fraudulently is subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(b). (D.I. 10 at 4; D.I. 13 at 5.) *See* Fed. R. Civ. P. 9(b).

Supreme Court lack jurisdiction). The *Rooker-Feldman* Doctrine explicitly precludes district courts from hearing such cases. *Id.*

The gravamen of Mr. Picken's Amended Complaint challenges the underlying foreclosure action, specifically the legality of the note and the mortgage. (D.I. 9 at 1.) Because Pickens proceeds pro se, the court must construe the complaint liberally.[4] However, even viewed under this liberal standard, it is clear that Pickens seeks to "utilize this Court to collaterally attack the judgment of a state court." (D.I. 5 at 9.) As a result, the court lacks subject matter jurisdiction and will grant the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Exxon Mobil Corp.*, 544 U.S. at 280, 281 ("Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.").

## V. CONCLUSION

For the foregoing reasons, the court will grant the Defendants' motion to dismiss for lack of subject matter jurisdiction. (D.I. 12.)

Dated: July 25, 2016

UNITED STATES DISTRICT JUDGE

---

[4] "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).